UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV - 3 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

|  |  |  |
| --- | --- | --- |
| Antonio Colbert, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. **10 1876** |
| | ) | |
| McDonald's Restaurant, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a District of Columbia resident, sues a McDonald's restaurant in the District for alleged harassment and food poisoning. Compl. at 2. He seeks $100,000 in damages. The complaint neither presents a federal question nor provides a basis for diversity jurisdiction because the parties are not of diverse citizenship. Plaintiff's recourse lies, if at all, in the

Superior Court of the District of Columbia. A separate Order of dismissal accompanies this

Memorandum Opinion.

United States District Judge

Date: October 25, 2010